2003 ND 130

**Chris Ann McCLURE, Plaintiff and Appellant,**

v.

**Bruce Duane McCLURE, Defendant and Appellee.**

No. 20020351.

Supreme Court of North Dakota.

Aug. 20, 2003.

Tina M. Heinrich (argued) and Leah Jo Viste (appeared), Assistant State's Attorneys, Minot, N.D., for plaintiff and appellant.

Bruce Duane McClure, defendant and appellee; no appearance.

NEUMANN, Justice.

[¶ 1] The Minot Regional Child Support Enforcement Unit (the "Unit") appealed an amended order fixing Bruce Duane McClure's child support obligation. We conclude the trial court erred as a

matter of law in imputing income to Bruce at the minimum wage, and we reverse and remand.

[¶ 2] Chris Ann McClure and Bruce Duane McClure divorced in South Carolina in 1994. Chris was awarded custody of their four children and Bruce was ordered to pay child support of $341 per month. The South Carolina order was registered in North Dakota for enforcement here on November 17, 2000. The notice of registration specified an arrearage of $26,238.

[¶ 3] On August 8, 2002, the Unit moved for an amended order modifying Bruce's child support obligation from $341 per month to $465 per month. At a hearing on September 23, 2002, Bruce testified, among other things: (1) he works about 22.5 hours per week at Miracle Mart for $6.15 per hour; (2) he has "a Bachelor's Degree in Social Behavioral Science and also one in Computer Information Systems;" (3) he worked "in the computer field for 25 years"; (4) he is not disabled; (5) he has no children living with him; and (6) "it is illogical to assess me at an income that I no longer make."

[¶ 4] The Unit introduced Exhibit 3, which showed that Bruce's present income of $6.15 per hour for 22.5 hours per week is a gross income of $7,196 per year, compared to minimum wage of $5.15 per hour, which leads to a gross income of $10,320 per year. Exhibit 3 showed Bruce's highest income in the last 36 months was $19,939 in 2000, which, under the guidelines, required a child support obligation of $465 per month for four children.

[¶ 5] The trial court found, among other things: (1) "Bruce is not employed full-time," (2) Bruce "has not earned at least minimum wage, full-time" in over a year, (3) "Bruce is underemployed," (4) Bruce "does not qualify for any exceptions to the imputation of income," (5) "income must be imputed," and (6) "the calculations in the

Minot Regional Child Support Enforcement Unit's Exhibit 3[are] not disputed." The court further found:

13. Since termination from Sykes, Bruce has had a difficult time securing other employment. As a consequence he is having difficulty paying his expenses.

. . . .

16. Since Bruce is having a difficult time applying for and securing employment the Court denies the Minot Regional Child Support Enforcement Unit's Motion for Amended Judgment according to the amount of NDAC § 75–02–04.1–07(3)(c), ninety percent of 2000 gross income and grants a modification of child support amount at the imputation of income at minimum wage NDAC § 75–02–04.1–07(3)(a) which is net monthly income of $754 and a child support obligation for four children of $264 per month.

The trial court ordered Bruce to pay child support of $264 per month and $26 per month toward the existing arrearage.

[¶ 6] The Unit appealed, contending the trial court erred in imputing income to Bruce at the minimum wage, and arguing income should be imputed to him at ninety percent of his 2000 gross income, resulting in a child support obligation of $465 per month for four children.

[¶ 7] "A parent has a duty to support his children to the best of his *abilities,* not simply to his inclinations." *Nelson v. Nelson,* 547 N.W.2d 741, 746 (N.D.1996). "Earning capacity is a resource available to an obligor." *Surerus v. Matuska,* 548 N.W.2d 384, 386 (N.D.1996). The child support guidelines established by the North Dakota Department of Human Services in accordance with N.D.C.C. § 14–09–09.7 "are administrative rules having the force and effect of law." *Buch-*

*holz v. Buchholz,* 1999 ND 36, ¶ 11 n. 1, 590 N.W.2d 215. "A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines in determining an obligor's child support obligation." *Minar v. Minar,* 2001 ND 74, ¶ 10, 625 N.W.2d 518; *Lauer v. Lauer,* 2000 ND 82, ¶ 3, 609 N.W.2d 450.

[¶ 8] The child support guidelines provide in N.D. Admin. Code § 75–02–04.1–07(3):

> 3. Except as provided in subsections 4, 5, and 9, monthly gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.
>
> a. An amount equal to one hundred sixty-seven times the hourly federal minimum wage.
>
> b. An amount equal to six-tenths of prevailing gross monthly earnings in the community of persons with similar work history and occupational qualifications.
>
> c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided.

The child support guideline provisions on underemployed obligors are tied to an obligor's earning capacity, not the amount of time the obligor works, *Nelson,* 547 N.W.2d at 746, or solely upon the obligor's actual income, *Logan v. Bush,* 2000 ND 203, ¶ 9, 621 N.W.2d 314. "The guidelines require 'monthly gross income based on earning capacity equal to the *greatest* of subdivisions a through c, less actual gross earnings, ... be imputed to an obligor who is ... underemployed.' N.D. Admin. C.

75–02–04.1–07(3) (our emphasis)." *Berg v. Ullman,* 1998 ND 74, ¶ 18, 576 N.W.2d 218. In imputing income under N.D. Admin. Code § 75–02–04.1–07(3), "[t]he subdivision resulting in the greatest imputed income must be used." *Buchholz,* 1999 ND 36, ¶ 14, 590 N.W.2d 215.

[¶ 9] Because the trial court imputed income to Bruce at minimum wage, instead of in accordance with subdivision c, which would have resulted in the greatest imputed income under subdivisions a through c of N.D. Admin. Code § 75–02–04.1–07(3), we conclude the trial court erred as a matter of law in failing to comply with the child support guidelines in fixing Bruce's child support obligation.

[¶ 10] The order is reversed and the matter is remanded for entry of an order complying with the child support guidelines, which would impose upon Bruce a child support obligation of $465 per month for four children.

[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.