2003 ND 150

**Laurie Ann TORGERSON, Plaintiff and Appellant,**

v.

**Timothy Alvin TORGERSON, Defendant and Appellee.**

**No. 20030054.**

Supreme Court of North Dakota.

Sept. 23, 2003.

Rehearing Denied Oct. 23, 2003.

Jonathan T. Garaas, Garaas Law Firm, Fargo, for plaintiff and appellant.

Naomi H. Paasch (argued), Moorhead, MN, and Craig M. Richie (on brief), Richie & Associates, Fargo, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Laurie Ann Torgerson appealed an amended judgment modifying Timothy Alvin Torgerson's child support obligation. We affirm and we award attorney fees to Timothy Torgerson.

### I.

[¶ 2] Laurie Torgerson and Timothy Torgerson divorced in September 1999. The parties stipulated to custody of their two minor children, property distribution, and child support. Timothy was ordered to pay child support of $695 per month.

[¶ 3] On September 19, 2002, Timothy sought modification of the original order because one of the couple's children attained the age of eighteen and was no longer enrolled in high school. Laurie argued Timothy failed to meet his burden justifying modification of the original support order. The judicial referee found Timothy met his burden to modify the

original judgment and entered an order modifying Timothy's child support to $207 per month. The referee based the modification on: (1) one child was over the age of eighteen and no longer enrolled in high school; and (2) the current support amount of $695 did not comport with Timothy's income as a self-employed farmer.

[¶ 4] The referee computed Timothy's income by averaging his last five years income, as reflected in his tax returns. Timothy's average annual income over the last five years was approximately $10,841, which necessitated an award of $207 per month according to child support guidelines. Laurie objected to the use of Timothy's average income, claiming depreciation for farm equipment should not have been allowed in computing his average income.

[¶ 5] Laurie further argued the support awarded by the referee was incorrect because Timothy claimed depreciation on property belonging to their son, not Timothy. The disputed property was a pickup given to the parties' son in exchange for farm work. Timothy claimed the deduction was an honest mistake, while Laurie argued the erroneous deduction should invoke the adverse inference rule against Timothy and child support should be awarded to Laurie on the basis of Timothy's gross monthly income. In the alternative, Laurie argued Timothy is underemployed and child support should be awarded based on the average income of an experienced farm manager. Laurie requested review of the referee's determination of child support by the district court. The district court affirmed and adopted the referee's findings. Laurie appealed to this Court.

## II.

[¶ 6] The Court reviews child support modifications under the de novo standard when they involve questions of law. *See Logan v. Bush*, 2000 ND 203, ¶ 8, 621 N.W.2d 314 (citing *Lauer v. Lauer*, 2000 ND 82, ¶ 3, 609 N.W.2d 450). The Court applies the clearly erroneous standard when reviewing findings of fact. *Logan*, at ¶ 8. "A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines in determining an obligor's child support obligation." *Id.*

[¶ 7] The applicable statute is N.D.C.C. § 14–09–08.4(4) (2001):

> If a child support order sought to be amended was entered at least one year before the filing of a motion for petition for amendment, the court shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines, whether or not the motion or petition for amendment arises out of a periodic review of a child support order, and whether or not a material change of circumstances has taken place, unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted. If a motion or petition for amendment is filed within one year of the entry of the order sought to be amended, the party seeking amendment must also show a material change of circumstances.

Under this provision, the moving party does not need to demonstrate a material change in circumstances in order to modify an existing award when modification is sought more than one year after the original award. The party seeking a modification need only demonstrate the current amount paid is not in accordance with the guidelines. A trial court must modify a child support obligation if the current obligation does not conform to the guidelines. *Id.*

■ [¶ 8] Timothy's support obligation did not comport with the amount indicated by the guidelines. He was paying an amount in excess of the recommended obligation. The district court did not err when it determined Timothy had met his burden to seek modification in order that his obligation conform to child support guidelines.

### III.

■ [¶ 9] Laurie asserts Timothy is underemployed. In support of this argument, Laurie offered a North Dakota Job Service web page which stated the salary of an experienced farm manager was approximately $49,000 per year. Laurie sought to have this amount imputed to Timothy for child support purposes. Based on her argument that Timothy is underemployed, Laurie asserted the position that child support should be calculated on an amount equal to ninety percent of Timothy's gross monthly income, or approximately $25,000 per month. N.D. Admin. Code § 75–02–04.1–07(3)(c) (1999). We find this position untenable.

■ [¶ 10] Determination of whether an individual is underemployed is within the discretion of the trial court. *Geinert v. Geinert*, 2002 ND 135, ¶ 18, 649 N.W.2d 237 (citing *Logan v. Bush*, 2000 ND 203, ¶ 14, 621 N.W.2d 314). Imputing income is proper when an individual is underemployed. *McClure v. McClure*, 2003 ND 130, ¶ 8, 667 N.W.2d 575. "Underemployed" is distinct from "self-employed" and imputation statutes are not necessarily applicable when a district court has determined an individual is self-employed.

[¶ 11] The district court found that Timothy is self-employed, as opposed to underemployed. However, a court can impute to a self-employed obligor if the obligor's income is "significantly less than prevailing amounts earned in the community by persons with similar work history and occupational qualifications." N.D. Admin. Code § 75–02–04.1–07(1)(b) (1999); *Nelson v. Nelson*, 547 N.W.2d 741, 746 (N.D.1996). We agree with Timothy that this modification should be affirmed because the district court properly found that Timothy was self-employed as opposed to underemployed.

[¶ 12] In order for a trial court to impute income to a self-employed individual there must be sufficient competent evidence of the prevailing amounts earned in the community of similarly situated persons. This Court has recognized that a trial court may take judicial notice of the North Dakota Labor Market Advisor, published by Job Service of North Dakota. *Kjos v. Brandenburger*, 552 N.W.2d 63, 66 (N.D.1996). Laurie presented a Job Service North Dakota wage survey to the referee showing experienced farm managers make approximately $49,000 annually. The district court found Timothy was not an experienced farm manager, but rather, was a self-employed farmer. Laurie did not present evidence that Timothy had the qualifications or experience to be classified as an experienced farm manager.

■ [¶ 13] Laurie failed to present sufficient competent evidence under N.D. Admin. Code § 75–02–04.1–07(1)(b) (1999) to prove Timothy earned significantly less than prevailing amounts earned in the community by similarly situated persons. Absent adequate evidence, a court cannot find under N.D. Admin. Code § 75–02–04.1–07 (1999) an obligor is underemployed and cannot impute income. *Lauer v. Lauer*, 2000 ND 82, ¶ 7, 609 N.W.2d 450. Therefore, the district court did not err when it concluded imputation of the salary of an experienced farm manager was not proper to a self-employed farmer absent evidence that the individual possessed the necessary qualifications.

## IV.

[¶ 14] Laurie argues the district court erred in allowing Timothy to claim depreciation of equipment to compute his income for determining child support. We disagree. Recent changes in the guidelines have clarified this issue. Prior to the 1999 changes in the child support guidelines, the guidelines specifically provided that an obligor must add depreciation back into his net income for child support. *See Hieb v. Hieb,* 1997 ND 171, ¶ 18, 568 N.W.2d 598 (citing N.D. Admin. Code § 75–02–04.1–05(2) (1995)). However, recent changes in the guidelines were designed to more closely track with Internal Revenue Service standards, using an obligor's total income from tax returns to determine child support without adding depreciation back into an obligor's net income. *See Summ. of Comments Received in Regard to Proposed Amendments to N.D. Admin. Code § 75–02–04.1 at 4 (1998)* (stating, "[t]he process for determining net income from self-employment now begins with the 'total income' for Internal Revenue Service purposes"). The district court's calculation of Timothy's child support obligation is consistent with recent changes to child support guidelines to reasonably reflect an obligor's income.

[¶ 15] The child support guideline specifies, "[e]xamples of gross income include salaries ... and net income from self-employment." N.D. Admin. Code § 75–02–04.1–01(5)(b) (1999). The guidelines further define income from self-employment as, "[n]et income from self-employment means total income, *for internal revenue service purposes,* of the obligor and the obligor's business." N.D. Admin.Code § 75–02–04.1–05(1) (1999) (emphasis added). The district court computed Timothy's child support obligation by applying Timothy's average annual income, taken from Timothy's tax return, to child support guideline worksheets. The district court then deducted the amount of total income that did not come from self-employment in order to determine annual net income from self-employment. All of this was done in accordance with child support guidelines.

[¶ 16] Laurie asserts this calculation was incorrect because the district court did not add depreciation back into Timothy's total income amount. This argument is without merit and is a misapplication of the child support guidelines. The revised child support guidelines specifically omitted provisions for adding depreciation back into an obligor's net income because they created confusion and were open to manipulation. *Summ. of Comments Received in Regard to Proposed Amendments to N.D. Admin. Code § 75–02–04.1 at 28 (1998).*

[¶ 17] Laurie argues N.D. Admin. Code § 75–02–04.1–05(12) (1999) which provides, "[n]o amount may be deducted to determine net income unless that amount is included in gross income" prevents Timothy from deducting depreciation. This argument ignores the history and plain language of the applicable guidelines. Arguments advanced on Laurie's behalf are not a reasonable interpretation of the guidelines nor could a reasonable argument be advanced based on current law.

[¶ 18] The 1999 changes in the support guideline unambiguously changed the practice of requiring depreciation to be added back into an obligor's income. Comments to the changes point out the policies behind the changes, citing efforts to follow Internal Revenue Service practices. *Summ. of Comments Received in Regard to Proposed Amendments to N.D. Admin. Code § 75–02–04.1 at 28 (1998).* Laurie's interpretation of the guideline is an absurd reading and directly contrary to the guideline definition of net income from self-employment which provides, "[n]et in-

come from self-employment means total income, for internal revenue service purposes, of the obligor and the obligor's business." N.D. Admin. Code § 75–02–04.1–05(1) (1999). The Internal Revenue Code provides for deduction of depreciation:

> (a) General Rule.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—
>
> > (1) of property used in the trade or business, or
> >
> > (2) of property held for the production of income.

26 I.R.C. § 167 (2002).

[¶ 19] Alternatively, Laurie argues the district court erred when it allowed Timothy to deduct depreciation for equipment he did not own. The district court used Timothy's past five tax returns to determine his child support obligation. On two of the five returns, Timothy stated he inadvertently deducted depreciation for a pickup truck owned by his son, but failed to claim depreciation for another vehicle he owned for which he could have claimed depreciation. The district court concluded that despite the two years of depreciation, Timothy's tax returns were a reasonable reflection of his income. *See* N.D. Admin. Code § 75–02–04.1–05(4) (1999) (stating that tax returns should reasonably reflect income in cases of self-employment).

[¶ 20] The district court implicitly found Timothy's tax returns were a reasonable reflection of his income stating, "[d]efendant is a self-employed farmer and it is proper to base his assessment on his average net income, figured over the last five years." We agree. The record included testimony in which Timothy stated his inclusion of the pickup was an honest mistake made by the tax preparer because Timothy had given the pickup to his son for work done on the farm. The district

court found this was not an intentional distortion of the obligor's income. The error made only a minimal reduction in Timothy's net income. Laurie has not shown and the worksheets do not indicate Timothy's child support would be greater if the error had not been made. The returns, therefore, reasonably reflect Timothy's income from self-employment. However, this Court cautions against practices in which obligors intentionally distort income in order to reduce child support obligations and trial courts should not allow self-employed individuals to stray too far in accepting inaccurate tax returns as the basis for computing child support.

[¶ 21] We conclude the district court's calculation of child support was consistent with child support guidelines and was not clearly erroneous.

### V.

[¶ 22] Both Laurie and Timothy requested this Court to assess costs and attorney fees against the other party. We conclude attorney fees should be assessed personally against Laurie's attorney. The positions asserted in this appeal were frivolous and without merit. Under N.D.R.App.P. 38, a party who insists on appealing a non-meritorious claim may be assessed attorney's fees, "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." Under this rule, this Court may award reasonable attorney fees if we find the appeal to be frivolous. *Rolin Mfg., Inc. v. Mosbrucker,* 1997 ND 139, ¶ 7, 566 N.W.2d 819.

[¶ 23] A frivolous claim is one which there is "such a complete absence of actual facts or law that a reasonable person could not have expected that a court

would render judgment in his favor." *Lawrence v. Delkamp,* 2003 ND 53, ¶ 13, 658 N.W.2d 758 (citing *Peterson v. Zerr,* 477 N.W.2d 230, 236 (N.D.1991)). An appeal is frivolous if "it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Lawrence,* at ¶ 14. The arguments presented on appeal to this Court by Laurie's attorney were not supported by law, nor were they good faith arguments to change the law. As an assessment of partial attorney fees for this appeal, we assess attorney fees of $500 in favor of Timothy to be paid by Laurie's attorney.

### VI.

[¶ 24] Other issues raised by the parties on appeal are deemed non-meritorious as asserted and do not need to be addressed by this Court.

[¶ 25] The amended judgment is affirmed.

[¶ 26] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.