2004 ND 38
In the Interest of D.L.M.
Kristine K. Duller, for herself and as Guardian Ad Litem for the minor child, D.L.M., minor child and D.L.M., Plaintiffs and Appellants
v.
Christopher J. MacGillivray, Defendant and Appellee.
No. 20030240
Supreme Court of North Dakota.
Filed February 25, 2004
Tina M. Heinrich, Assistant State's Attorney, P.O. Box 2249, Minot, ND 58702-2249, for plaintiffs and appellants. Submitted on brief.
Christopher J. MacGillivray, defendant and appellee. No appearance.
Opinion of the Court by VandeWalle, Chief Justice.
VANDEWALLE, Chief Justice.
[¶1] The Minot Regional Child Support Enforcement Unit ("Unit") appealed from a district court order dismissing its motion to modify C.J.M.'s child support obligation. We reverse and remand.

I
[¶2] K.K.D. is the mother and C.J.M. is the father of D.L.M. A 1998 judgment required C.J.M. to pay $133 per month in child support. As required by N.D.C.C. § 14-09-08.4 the Unit conducted a review of the prior child support order and, concluding C.J.M.'s obligation was less than eighty-five percent of the amount required by the guidelines, brought a motion seeking modification of the 1998 judgment under N.D.C.C. § 14-09-08.4(3). A hearing was held on the matter. The district court found C.J.M. was unemployed but attending college full-time, and that in the last thirty-six months, he had gross income of $20,724 over a twelve-month period from June 2001 through May 2002 as an employee with Reliastar. The district court denied the Unit's motion to modify C.J.M.'s child support obligation.
[¶3] On appeal, the Unit contends C.J.M.'s monthly child support obligation should be $298 per month, and the district court erred as a matter of law by deviating from the child support guidelines in N.D. Admin. Code ch. 75-02-04.1.

II
[¶4] Parents have a duty to support their children to the best of their abilities. Otterson v. Otterson, 1997 ND 232, ¶ 10, 571 N.W.2d 648. An obligor's ability to pay is not determined solely upon actual income, but takes into account the obligor's earning capacity. Id. "Consequently, N.D. [Admin. Code] § 75-02-04.1-07(3) requires the imputation of income when an obligor is unemployed." Id. With exceptions, N.D. Admin. Code § 75-02-04.1-07(3) states:
gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.
a. A monthly amount equal to one hundred sixty-seven times the hourly federal minimum wage.
b. An amount equal to six-tenths of prevailing gross earnings in the community of persons with similar work history and occupational qualifications.
c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided.
The subdivision resulting in the greatest imputed income must be used. McClure v. McClure, 2003 ND 130, ¶ 8, 667 N.W.2d 575. The trial court's findings under this section must be clear, and the court must demonstrate how it arrived at the amount of income and the level of support. Buchholz v. Buchholz, 1999 ND 36, ¶ 16, 590 N.W.2d 215.
[¶5] Additionally, if an obligor makes a voluntary change in employment a judge has discretion to impute "monthly gross income equal to one hundred percent of the obligor's greatest average monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding . . . less actual monthly gross earnings." N.D. Admin. Code § 75-02-04.1-07(9). Section 75-02-04.1-07(9) allows imputation of income where it otherwise would not be allowed. Minar v. Minar, 2001 ND 74, ¶ 24, 625 N.W.2d 518. However, when an obligor concedes he is unemployed, we have held section 75-02-04.1-07(3) must be used because section 75-02-04.1-07(9) does not apply. Id.
[¶6] The child support guidelines are administrative rules promulgated by the North Dakota Department of Human Services in accordance with N.D.C.C. § 14-09-09.7 and have the force and effect of law. McClure, 2003 ND 130, ¶ 7, 667 N.W.2d 575. Although child support determinations involve different standards of review depending on the issue appealed, "[a] court errs as a matter of law when it fails to comply with the requirements of the child support guidelines in determining an obligor's child support obligation." Id. A party seeking amendment under N.D.C.C. § 14-08-08.4 has the burden of proving the existing level of support does not conform with the guidelines. Henry v. Henry, 2000 ND 10, ¶ 7, 604 N.W.2d 234. Section 14-09-08.4(3), N.D.C.C., provides that a child support agency shall seek a modification of a child support order which requires payments in an amount less than eighty-five percent of the amount required by the child support guidelines. If the prior order was entered at least one year before the motion to modify, it is presumed the amount of child support provided for in the guidelines is correct, and the trial court must order payments in this amount unless the presumption has been rebutted. N.D.C.C. § 14-09-08.4(4). If the trial court finds the presumption has been rebutted, it must make a "written finding or a specific finding on the record" and:
a. State the child support amount determined through application of the guidelines;
b. Identify the criteria that rebut the presumption of correctness of that amount; and
c. State the child support amount determined after application of the criteria that rebut the presumption.
N.D.C.C. § 14-09-09.7(3).
[¶7] In its Findings of Fact and Order, the trial court determined C.J.M.'s highest gross income for twelve consecutive months within the last thirty-six months was $20,724. However, it did not specify the proper amount of child support commensurate with this amount of income. From our review of the record, it appears the child support amount would be significantly higher than $133 per month. Nor did the trial court specify whether or why it found the amount under the guidelines had been rebutted.
[¶8] Because the child support amount provided by the guidelines is presumptively correct, we must reverse the trial court's order and remand this case to the district court to comply with N.D.C.C. ch. 14-09 and N.D. Admin. Code ch. 75-02-04.1. On remand, the trial court must either order C.J.M. to pay child support in the presumptively correct amount under the child support guidelines or comply with N.D.C.C. § 14-09-09.7(3) and make specific findings regarding any deviation from the presumptively correct amount.
[¶9] Gerald W. VandeWalle, C.J.
Carol Ronning Kapsner
Mary Muehlen Maring
William A. Neumann
Dale V. Sandstrom.