Filed 11/2/04 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2004 ND 199

Jessica Knoll n/k/a Jessica Bushee, Plaintiff and Appellant

v.

Christian Kuleck, Defendant and Appellee

No. 20040087

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Burt L. Riskedahl, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Neumann, Justice.

Marnie R. Soggie, Special Assistant State’s Attorney, Bismarck Regional Child Support Enforcement Unit, P.O. Box 5518, Bismarck, N.D. 58506-5518, for plaintiff and appellant.

Knoll v. Kuleck

No. 20040087

Neumann, Justice.

[¶1] Bismarck Regional Child Support Enforcement Unit (“Unit”) appealed a second amended judgment fixing Christian Kuleck’s child support obligation.  We reverse and remand.

I

[¶2] In 2000, an amended judgment ordered Kuleck to pay child support of $151 per month.  Kuleck quit his job and became self-employed in May 2002.  In 2003, the Unit initiated a review of Kuleck’s child support obligation.  Kuleck failed to provide financial information requested by the Unit, but the Unit did obtain his 2001 tax return.  The Unit moved to amend the judgment to require Kuleck to pay child support of $459 per month.  Kuleck did not respond to the Unit’s motion with a brief in accordance with N.D.R.Ct. 3.2(a), but his attorney filed a notice of hearing to be held on the motion.  At the hearing, the Unit’s attorney requested summary judgment.  Kuleck’s attorney said “the information that they used is not incorrect. . . .  [W]e think that the child support should be based on a more accurate figure than several year old financial information. . . .  We would propose that you average in his prior employment along with the self-employment. . . .  Although the way the Child Support Office has done it is technically correct.”  The court directed the attorneys to proceed on the merits.  Kuleck testified that he did not provide financial information requested by the Unit and did not respond to a proposed stipulation.  Kuleck testified that he had his 2002 tax return with him at the hearing, that his 2002 income was about $15,000, and that he estimated his 2003 income was $15,000-

$16,000.  He did not offer his 2002 tax return as evidence.

[¶3] After the conclusion of the evidentiary presentation, the trial court said “there wasn’t really any basis for concluding anything other than what the child support lawyer is asking for here today.”  The court ruled, however, that it would “take an arbitrary number that doesn’t directly connect to anything,” and asked Kuleck’s attorney to “submit worksheets . . . that would use a $25,000 annual income as the basis on which his child support should be based.”  In its findings of fact and order for amended judgment, the trial court found “[d]uring the last two years of self-

employment [Kuleck] earned approximately $15,000 to $16,000 each year” and “[a] fair estimation of his income in following years is $25,000 per year, and that amount shall be used to determine his child support obligation.”  The court found Kuleck had a child support obligation of $330 per month.

[¶4] A second amended judgment setting Kuleck’s child support obligation at $330 per month was entered, and the Unit appealed, contending the trial court failed to comply with the child support guidelines in setting Kuleck’s child support obligation.

II

[¶5] “Parents have a duty to support their children to the best of their abilities.”  
In re D.L.M.
, 2004 ND 38, ¶ 4, 675 N.W.2d 187.  Although “[a]n obligor’s ability to pay is not determined solely upon actual income, but takes into account the obligor’s earning capacity,” 
Id.
, under N.D. Admin. Code § 75-02-04.1-02(3), “[n]et income received by an obligor from all sources must be considered in the determination of available money for child support.”  Section 75-02-04.1-02(7), N.D. Admin. Code, requires documentation of a child support obligor’s income: “Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income.”  Section 75-02-04.1-

05(3), N.D. Admin. Code, requires alternative documentation of self-employment income:  “If the tax returns are not available or do not reasonably reflect the income from self-employment, profit and loss statements which more accurately reflect the current status must be used.”  Section 75-02-04.1-02(10), N.D. Admin. Code, requires a child support order to include “a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined.”  A court errs as a matter of law if it fails to comply with the child support guidelines in determining an obligor’s child support obligation.  
D.L.M.
, at ¶ 6.   

[¶6] The Unit did not attempt to show that Kuleck was either unemployed or underemployed, which, under N.D. Admin. Code § 75-02-04.1-07(3), would have required the use of whichever of three methods of measuring earning capacity resulted in the greatest imputed income.  
D.L.M.
, 2004 ND 38, ¶ 4, 675 N.W.2d 187.  Instead, the Unit attempted to have Kuleck’s child support obligation determined under N.D. Admin. Code § 75-02-04.1-07(9), which provides:

Notwithstanding subsections 4, 5, and 6, if an obligor makes a voluntary change in employment resulting in reduction of income, monthly gross income equal to one hundred percent of the obligor’s greatest average monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided, less actual monthly gross earnings, may be imputed without a showing that the obligor is unemployed or underemployed.

That provision allows “imputation of income without a showing of unemployment or underemployment if the child support obligor has voluntarily changed employment resulting in a reduction in income.”  
Geinert v. Geinert
, 2002 ND 135, ¶ 17, 649 N.W.2d 237.  It gives a judge discretion to impute income in cases in which it would otherwise not be allowed.  
D.L.M.
, at ¶ 5.  “An abuse of discretion is never assumed; the burden is on a party seeking relief to affirmatively establish it.”  
Riemers v. Anderson
, 2004 ND 109, ¶ 14, 680 N.W.2d 280.  “A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.”  
Geinert
, 2002 ND 135, ¶ 18, 649 N.W.2d 237.  

[¶7] The Unit sought to have Kuleck’s child support obligation computed in accordance with N.D. Admin. Code § 75-02-04.1-07(9), based on Kuleck’s 2001 tax return.  At the hearing in 2004, neither of the attorneys presented tax returns, profit and loss statements, or any other documentation of Kuleck’s 2002 and 2003 income sufficient “to fully apprise the court” of Kuleck’s gross income for those years.  We, therefore, conclude the trial court did not abuse its discretion in choosing not to impute income to Kuleck under N.D. Admin. Code § 75-02-04.1-07(9).

[¶8] We understand the trial court’s frustration in a case like this one in which neither of the parties attempted to present or cause to be presented evidence of the obligor’s income “sufficiently documented through the use of tax returns . . . and other information to fully apprise the court of all gross income,” N.D. Admin. Code § 75-02-04.1-02(7), received by the obligor or “profit and loss statements which . . . accurately reflect the current status,” N.D. Admin. Code § 75-02-04.1-05(3), of the obligor’s income.  The parties’ inadequate evidentiary presentation, however, did not authorize the trial court to “take an arbitrary number that doesn’t directly connect to anything,” as the court did here, as the basis for its computation of an obligor’s child support obligation.  On the facts before the trial court, N.D. Admin. Code § 75-02-

04.1-07(8) requires income to be imputed to the obligor based on the greatest of four methods of measuring earning capacity for failure, upon reasonable request, to furnish reliable information concerning the obligor’s gross income from earnings, and it was error not to do so here. 

III

[¶9] Because the trial court’s determination of Kuleck’s child support obligation was not based on documented income, the trial court’s determination did not comply with the child support guidelines, and the court erred as a matter of law.  The amended judgment is reversed and the matter is remanded for determination of Kuleck’s child support obligation in accordance with the child support guidelines. 

[¶10] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring specially.

[¶

] The majority correctly notes at ¶ 7:

At the hearing in 2004, neither of the attorneys presented tax returns, profit and loss statements, or any other documentation of Kuleck’s 2002 and 2003 income sufficient “to fully apprise the court” of Kuleck’s gross income for those years.  We, therefore, conclude the trial court did not abuse its discretion in choosing not to impute income to Kuleck under N.D. Admin. Code § 75-02-04.1-07(9).

[¶ ] At the hearing, Christian Kuleck was questioned by the lawyer for the Regional Child Support Enforcement Unit:

Q. Have you brought copies of your tax returns with you today, sir?

A. Yes.

Q. For what years have you brought tax returns with you today?

A. For 2002; 2003 right now is estimated until I get my 1099 finalized from all the contractors I've done business with.

Q. Who completed that estimated 2003 tax return?

A. I did.

[¶ ] The obligor brought his tax returns to court.  The Regional Child Support lawyer determined this fact and then did not have them marked or made an exhibit in the proceeding.

[¶ ] The Regional Child Support Enforcement Units are charged with the public interest in seeing that the correct amount of child support is determined under the statutes and guidelines, and then that amount is paid.  N.D.C.C. § 14-09-09.27.  The units’ lawyers are to be seekers of truth and justice.  Their goal must not be to stick an obligor with a higher (or lesser) obligation than is appropriate.  Their goal must be to present the courts with 
all
 relevant evidence.

[¶ ] In this case, relevant evidence was brought to court, and the Unit’s lawyer did not have it marked and introduced as evidence.  Although in this case the obligor had a lawyer, in many cases, obligors are unrepresented.  Even when the obligor has a lawyer, that lawyer will often lack the degree of expertise the Unit’s lawyer has in increasingly arcane rules that seem destined to eventually rival the complexity of the Internal Revenue Code.  The Unit’s lawyer should have had the tax records marked and introduced as evidence.

[¶ ] Dale V. Sandstrom