Filed 3/15/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 57

Michael P. Martiré, Plaintiff and Appellee

v.

Sandra Hendricksen Martiré, Defendant and Appellant

No. 20150139

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Rodney E. Pagel, 1715 Burnt Boat Drive, Madison Suite, Bismarck, N.D. 58503, for plaintiff and appellee.

Joshua M. Feneis (argued) and Krista L. Andrews (on brief), P.O. Box 10247, Fargo, N.D. 58106-0247, for defendant and appellant.

Martiré v. Martiré

No. 20150139

McEvers, Justice.

[¶1] Sandra Hendricksen Martiré appeals from an amended divorce judgment modifying Michael Martiré’s child support obligation and leaving unaltered his spousal support obligation.  We conclude the district court did not err in refusing to modify Martiré’s spousal support obligation.  We further conclude the court failed to follow the Child Support Guidelines in setting Martiré’s child support obligation.  We affirm in part, reverse in part, and remand for further proceedings.

I

[¶2] This is a continuation of “contentious” divorce proceedings between parties who “accumulated significant assets during their marriage.”  
Martiré v. Martiré
, 2012 ND 197, ¶¶ 2, 3, 822 N.W.2d 450.  The parties were divorced in 2010 after a nearly 20-year marriage and they were awarded joint primary residential responsibility for their two sons.  
Id.
  
Hendricksen Martiré was awarded primary residential responsibility for their daughter.  
Id.
 at ¶ 3. 
 Martiré was ordered to pay child support for the children in the amount of $6,127 per month and spousal support to Hendricksen Martiré in the amount of $5,000 per month until she either dies, remarries or attains the age of 65, whichever occurs first.  
Id.
  
Martiré
 was awarded $2,027,416 of the net marital estate and Hendricksen 
Martiré
 was awarded $2,033,676 of the net marital estate.  
Id.
 at ¶ 3.  This Court affirmed the district court’s decision on joint primary residential responsibility and related divorce issues in 
Martiré
, at ¶¶ 1, 34.  The parties have filed numerous motions since then, resulting in two modifications of child support, but those orders were not appealed.  

[¶3] In July 2014, Martiré moved to modify his child support obligation after the second of the parties’ children entitled to support graduated from high school.  Hendricksen Martiré responded with her own motion to modify child support, and claimed Martiré failed to comply with several of his court-ordered obligations.  Following a hearing, the district court, after offsetting Hendricksen Martiré’s child support obligation from Martiré’s child support obligation, ordered Martiré to pay $2,314 per month for the remaining child entitled to support.  The court refused to modify Martiré’s spousal support obligation.
  The court also resolved numerous other motions that are not challenged in this appeal.

II

[¶4] Hendricksen 
Martiré
 argues the district court erred in refusing to modify her spousal support award.

[¶5] Because of the copious motions filed by the parties in this case, the district court requested an “identification of motions to be resolved” at the December 2014 hearing.  In Hendricksen 
Martiré
’s six-page response to the request, she informed the court:

Sandra intends to bring an additional Motion asking for consideration of additional issues at the hearing on December 19, 2014 related to the following:

 

a. Correction of past errors in support awards based on recent income information not provided by Michael until September 24, 2014 which shows that the amount of support awards made to Sandra for the past 6 years have been grossly mistaken because the court has relied on income figures for Michael that have been grossly understated.

 

However, Hendricksen 
Martiré
 did not file a formal motion to modify spousal support.  The court in its decision did not address spousal support, except to note “[t]here having been no motion filed by Sandra seeking to amend or modify spousal support, her verbal request is denied.”

[¶6] Hendricksen 
Martiré
 argues she presented sufficient documentation for the district court to consider her request for modification of spousal support a “motion” under N.D.R.Ct. 3.2 and to rule on the merits.  We disagree.  First, N.D.R.Ct. 3.2(a)(1) addresses motions and provides in part: “Notice must be served and filed with the motion.”  There was no notice provided or motion made to modify spousal support.  Second, the register of actions in this case consists of hundreds of filed documents since the original divorce.  When a litigant leads the court to believe a motion will be filed but the motion is not filed, it is patently unreasonable to suggest that the court be faulted for failing to divine from voluminous documents or a verbal request whether a motion was brought.  The court did not err in refusing to address spousal support.

III

[¶7] Hendricksen 
Martiré
 argues the district court made several errors in calculating 
Martiré
’s child support obligation.

[¶8] In 
Bye v. Robinette
, 2015 ND 276, ¶ 4, 871 
N.W.2d
 432, this Court explained:

Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review.  A court errs as a matter of law if it does not comply with the requirements of the child support guidelines.  As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support.

 

(quoting 
Krueger v. Krueger
, 2011 ND 134, ¶ 19, 800 
N.W.2d
 296).  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made.  
Wilson v. Wilson
, 2014 ND 199, ¶ 12, 855 
N.W.2d
 105.

[¶9] 
The original divorce decree ordered Martiré to pay $6,127 per month in child support for three children.  
See
 
Martiré
, 2012 ND 197, ¶¶ 3, 21-24, 822 N.W.2d 450.  This amount was an upward deviation from the presumptive amount of $4,250 per month under the Child Support Guidelines in effect at the time.  
Id.
 at ¶ 21.  The district court arrived at the child support amount by applying a 34 percent multiplier advocated by Hendricksen 
Martiré 
to Martiré’s $18,022 net monthly income, and we affirmed the child support award.  
Id.
 at ¶¶ 23, 24.  

[¶10] In August 2011, the same district court judge who presided over the divorce trial modified Martiré’s child support obligation.  The court found Martiré’s net monthly income was 1.238 times the $12,500 maximum figure under the guidelines and multiplied the maximum support amount for two children by 1.238 to arrive at an obligation of $4,386 per month.  The court found Hendricksen Martiré was underemployed, imputed income to her in an amount equal to one hundred sixty-

seven times the hourly federal minimum wage, and offset that amount to arrive at a monthly child support obligation for Martiré of $2,971.  There was no appeal.  In June 2012, a different district court judge, now retired, again modified child support.  The court found Martiré’s monthly net income had increased to 1.638 times the $12,500 maximum figure in the guidelines, and after multiplying 1.638 by the presumptive guideline amount, arrived at an obligation of $5,803 per month.  The court imputed income to Hendricksen Martiré based on six-tenths of the mean annual wage for a medical clinic manager in North Dakota.  Offsetting Hendricksen Martiré’s monthly child support amount, the court ordered Martiré to pay $3,876 per month for child support for the two children.  This order was not appealed.

[¶11] In this case, a different district court judge again used the 1.638 multiplier because Martiré’s net monthly income continued to exceed the $12,500 monthly net income maximum under the Child Support Guidelines in effect at the time.  The court reasoned:

Both parties have made various motions asking this Court to amend the child support obligations.  Neither party disputes that Michael’s net monthly income exceeds the $12,500 monthly net income maximum provided by the Child Support Guidelines.  His net income is also three times greater than Sandra’s, both of these factors being a consideration under North Dakota’s Child Support Guidelines to deviate from the presumptively correct amount provided by the Guidelines.  (See N.D.A.C. § 75-02-04.1-09).  The history [o]f this case is that the Trial Court determined that there was a preponderance of evidence to justify a deviation from the guidelines and the use of a multiplier of 1.638 as applied to Michael’s income to establish an appropriate child support obligation.  This determination of Michael’s child support obligation has already been upheld by the North Dakota Supreme Court.

 

. . . .

 

This court affirms and agrees with the 1.638 multiplier used by Judge Jorgenson and which was never appealed.  Applying the multiplier to the presumptive child support obligation as provided by the guidelines results in Michael’s child support obligation being $3,433.00 ($2,102 x 1.638 = $3,433).

 

[¶12] The district court imputed income to Hendricksen Martiré based on six-tenths of the mean annual wage for speech-language pathologists in North Dakota.  After offsetting her monthly child support obligation, the court found  Martiré had a $2,314 monthly child support obligation for one child.  Effective September 1, 2015, N.D. Admin. Code §§ 75-02-04.1-09 and 75-02-04.1-10 were amended to double the $12,500 monthly net maximum to $25,000 and to provide that $3,500 is the presumptive amount of child support for this amount of monthly net income.
  On review we apply the Child Support Guidelines in effect at the time of the court’s decision.  
See
 
Verhey v. McKenzie
, 2009 ND 35, ¶ 5 n.1, 763 
N.W.2d
 113.

A

[¶13] Hendricksen 
Martiré
 argues the district court erred in determining 
Martiré
’s income and in applying a child support multiplier of 1.638.  She contends the multiplier used by the court “should be much higher,” and suggests the multiplier should have been 2.56.

[¶14] Under the Child Support Guidelines, “[n]et income received by an obligor from all sources must be considered in the determination of available money for child support,” and “[e]ach child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined.”  N.D. Admin. Code § 75-02-04.1-02(3) and (10).  “Because a proper finding of net income is essential to determine the correct amount of child support under the child support guidelines, we have said that, as a matter of law, a trial court must clearly set forth how it arrived at the amount of income and the level of support.”  
Berge v. Berge
, 2006 ND 46, ¶ 8, 710 
N.W.2d
 417 (citations omitted).  Even in situations where it is undisputed an obligor’s net monthly income exceeds the monthly net income maximum under the Child Support Guidelines, the district court must determine the obligor’s net income before it determines the appropriate upward deviation from the presumptive guideline amount.  
See
 
Shae v. Shae
, 2014 ND 149, ¶¶ 18, 21, 849 
N.W.2d
 173.  Here, the court merely found 
Martiré
’s net monthly income exceeds the $12,500 monthly net income maximum and that his net income is “three times greater” than Hendricksen 
Martiré’s net income
.  These findings, as a matter of law, do not satisfy the net income calculation requirements under the Child Support Guidelines.

[¶15] The district court’s use of the 1.638 multiplier because it was used in a prior proceeding between the parties is also troublesome.  In 
Shae
, 2014 ND 149, ¶¶ 6-12, 849 
N.W.2d
 173, we discouraged the mechanical use of multipliers in determining an upward deviation from the guidelines, and held there must be a balancing of the appropriate needs of the child against an amount of child support that would maintain the heightened level of support due to a child given the high income of the obligor parent.  After discussing our decisions in 
Martiré
, 2012 ND 197, 822 
N.W.2d
 450, 
Nuveen v. Nuveen
, 2012 ND 260, 825 
N.W.2d
 863, and 
Hoverson v. Hoverson
, 2013 ND 48, 828 
N.W.2d
 510, we said:

Nothing in 
Martiré
, 
Nuveen
 or 
Hoverson
 has intended to indicate that any upward deviation from the guidelines can be made without considering the appropriate needs of the children.  This Court’s standard requires that a preponderance of the evidence demonstrates the best interests of the child merit an increase in child support beyond the maximum presumptively correct guideline amount and that the obligor’s monthly income is greater than $12,500.  Nor do 
Martiré
, 
Nuveen
 or 
Hoverson
 stand for the proposition that any formula or multiplier, much less a thirty-four percent multiplier, should be applied or that an upward deviation is permitted without the district court considering whether the facts and circumstances in a particular case merit an increase.  It is especially important in cases where the obligor’s monthly income is extremely high that a straight percentage not be used because the result frequently will be unrelated to the appropriate needs of the children.  
See
 
Schieffer v. Schieffer
, 2013 SD 11, ¶ 63, 826 N.W.2d 627, 645 (Konenkamp, J., concurring in part and dissenting in part) (In extraordinarily high income cases, “it would be unsuitable to order child support calculated purely by linear upward extrapolation from the income and support amounts listed in the guidelines.”).

 

Shae
, at ¶ 11.  A failure to balance the upward deviation with the appropriate needs of the child and to focus solely on the high income parent’s ability to pay would likely lead to a windfall for the child unrelated to appropriate needs.  
Id.
 at ¶¶ 6, 11.

[¶16] Here, the district court made no findings about the child’s appropriate needs.  Although Hendricksen 
Martiré
 contends the sufficiency of the findings on the child’s appropriate needs is not an issue on appeal, she nevertheless argues the multiplier used by the court should have been “much higher.”  However, balancing requires consideration of both the upward deviation and the appropriate needs of the child.  Here, the court failed to make the findings necessary to engage in any balancing.  Adopting Hendricksen 
Martiré
’s argument to mechanically apply a multiplier would likely result in a windfall to the child, precisely what this Court disapproved in 
Shae
. 

[¶17] Hendricksen Martiré also argues the district court failed to consider N.D. Admin. Code § 75-02-04.1-09(2)(b), (e) and (m), which provide:

2. The presumption that the amount of child support that would result from the application of this chapter, except for this subsection, is the correct amount of child support is rebutted only if a preponderance of the evidence establishes that a deviation from the guidelines is in the best interest of the supported children and:

 

. . . .

 

b. The increased ability of an obligor, with a monthly net income which exceeds twelve thousand five hundred dollars, to provide child support;

 

. . . .

 

e. The increased needs of children age twelve and older;

 

. . . .

 

m. The reduced needs of the child to support from the obligor in situations where the net income of the obligee is at least three times higher than the net income of the obligor.

 

Although the court cites this provision in its decision, the court failed to make any findings on the child’s needs.  The provision cannot be applied unless those findings are made.

[¶18] We conclude the district court erred as a matter of law in determining 
Martiré’s
 income and mechanically applying a multiplier without making findings about and considering the appropriate needs of the child.

B

[¶19] Hendricksen Martiré argues the district court erred in finding her underemployed and imputing income to her for purposes of determining her offsetting child support obligation as a parent with joint primary residential responsibility.  
See
 N.D. Admin. Code § 75-02-04.1-08.2 (requiring calculation of a child support obligation for each parent in equal residential responsibility cases). 

[¶20] In 
Devine v. Hennessee
, 2014 ND 122, ¶ 23, 848 N.W.2d 679, we said:

“Determination of whether an individual is underemployed is within the discretion of the trial court.”  
Torgerson v. Torgerson
, 2003 ND 150, ¶ 10, 669 N.W.2d 98.  “A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.”  
Knoll v. Kuleck
, 2004 ND 199, ¶ 6, 688 N.W.2d 370.  Imputing income is appropriate when an individual is underemployed.  
Torgerson
, 2003 ND 150, ¶ 10, 669 N.W.2d 98.  “A court may find an obligor is underemployed and impute the obligor's income, if ‘the obligor’s gross income from earnings is significantly less than the statewide average earnings for persons with similar work history and occupational qualifications.’”  
Halberg v. Halberg
, 2010 ND 20, ¶ 16, 777 N.W.2d 872 (quoting N.D. Admin. Code § 75-02-04.1-07(1)(b)).  The Code states that an obligor is presumed to be underemployed if the obligor’s gross income from earnings is less than: “a. Six-tenths of the statewide average earnings for persons with similar work history and occupational qualifications; or b. A monthly amount equal to one hundred sixty-seven times the federal hourly minimum wage.”  N.D. Admin. Code § 75-02-04.1-07(2).  “The district court must properly determine an obligor’s income under the child support guidelines before the court can find an obligor underemployed and impute income to the obligor.” 
Entzie [v. Entzie
], 2010 ND 194, ¶ 15, 789 N.W.2d 550.

 

[¶21] The district court found Hendricksen Martiré had $3,118 in earned income in 2013 according to her income tax return.  Hendricksen Martiré has Master’s degrees in business administration and speech-language pathology and has had a lengthy work history in those areas.  The court found she has 23 years of work experience managing health care departments and other facilities.  The court found Hendricksen Martiré has been employed in the past as head of the geriatric department at a facility where she earned $60,000 per year.  Hendricksen Martiré has testified that she is healthy and physically capable of working and is highly qualified to perform a broad number of jobs, but she has not sought employment in these areas since the divorce trial, when she was 48 years old.  Hendricksen Martiré nevertheless argues the district court erred in imputing income to her based on the earnings of a speech-language pathologist because she has not worked in that profession for 20 years, she has not taken any continuing education classes in that area, and she has not maintained her license.

[¶22] The district court found:

Sandra has affirmed in recent motions that she was the “vice-

president” of the family medical business between 1995 and 2007. . . . This significant experience certainly qualifies her as a Medical and Health Services Manager, which pays even higher than the Speech Pathologist position.  Even though Sandra has two Master’s Degrees, significant experience and is very intelligent, she has chosen to not to return to school (if necessary), not to get re-licensed, and not to be employed full time.  As such, this Court finds that Sandra is voluntarily underemployed and it is necessary to impute income to her.

The Bureau of Labor Statistics, reporting on May 2013 Occupational Employment and Wage Estimates for North Dakota, identifies the average annual income for Speech-Language Pathologists to be $56,090 statewide.  This same publication identifies the average annual income for Medical and Health Services Managers as being $78,510.00 statewide.  As asserted and as found by both Judge Reich and Judge Jorgenson, both of these positions are well within the education and experience of Sandra.  Even taking the lower of these two amounts, $56,090, N.D.A.C. § 75-02-04.1-07(3) directs that for purposes of imputing income the court should use 6/10ths of this sum as being imputed to Sandra.  6/10ths of $56,090 is $33,648.00.

 

[¶23] Hendricksen Martiré
 has not convinced us that the district court abused its discretion in imputing this amount of income to her.  However, under N.D. Admin. Code § 75-02-04.1-07(3) the court erred as a matter of law in adding Hendricksen 
Martiré
’s actual earnings of $3,118 to, rather than subtracting that amount from, her imputed income of $33,648.  
See generally
 
Bye
, 2015 ND 276, ¶ 4, 871 
N.W.2d
 432. 

IV

[¶24] It is unnecessary to consider other arguments raised because they are either unnecessary to the decision or are without merit.  We affirm the judgment in part, reverse in part, and remand for further proceedings.  The district court may conduct any further evidentiary proceedings it deems appropriate.

[¶25] Lisa Fair McEvers

Daniel J. Crothers

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.