2006 ND 8
Anthony James Moore, Petitioner and Appellant
v.
State of North Dakota, Respondent and Appellee.
No. 20050263
Supreme Court of North Dakota.
Decided January 31, 2006
Anthony James Moore, pro se, North Dakota State Penitentiary, P.O. Box 5521, Bismarck, N.D. 58506-5521; submitted on brief.
Birch P. Burdick, State's Attorney, P.O. Box 2806, Fargo, N.D. 58108-2806, for respondent and appellee; submitted on brief.
Per Curiam.
Per Curiam.
[¶1] Anthony James Moore appeals from a judgment denying his application for post-conviction relief alleging ineffective assistance of counsel, and from the order quashing his subpoena of a KVLY-TV reporter.
[¶2] Moore was convicted by a jury on November 28, 2001, of gross sexual imposition and sentenced to twenty years in prison. Moore filed a direct appeal of his conviction and counsel was appointed. Moore later dropped the direct appeal, and instead pursued a Rule 35, N.D.R.Crim.P., motion to reduce his sentence. The trial court denied Moore's motion to reduce his sentence.
[¶3] In his application for post-conviction relief, Moore argued his counsel during the Rule 35, N.D.R.Crim.P., proceedings was ineffective. Moore also argued the trial court had falsified the transcript of his January 17, 2002, sentencing hearing. To support his assertion that the trial court had falsified the sentencing hearing transcript, Moore sought to subpoena a KVLY-TV television reporter who had been present at the hearing.
[¶4] The trial court concluded that both Moore's ineffective assistance of counsel claim and his claim the sentencing hearing transcript was altered or falsified were without merit. The trial court quashed the subpoena of the KVLY-TV reporter, finding that the information sought was procured or obtained while the reporter was employed by and acting for an organization engaged in broadcasting news, and the failure to disclose such evidence will not cause a miscarriage of justice. See N.D.C.C. § 31-01-06.2; Grand Forks Herald v. District Court, 322 N.W.2d 850 (N.D. 1982).
[¶5] Moore's claims are frivolous and completely without merit. The judgment of the trial court is based on findings of fact that are not clearly erroneous, and the trial court did not abuse its discretion in quashing the subpoena. We summarily affirm under N.D.R.App.P. 35.1(a)(1), (2), and (4).
[¶6] Gerald W. VandeWalle, C.J.
Mary Muehlen Maring
Daniel J. Crothers
Dale V. Sandstrom
Carol Ronning Kapsner