2008 ND 56
**Amanda M. SERR, Plaintiff and Appellee**

v.

**Cody G. SERR, Defendant and Appellant.**

**No. 20070231.**

Supreme Court of North Dakota.

March 20, 2008.

Benjamin C. Pulkrabek, Mandan, N.D., for plaintiff and appellee.

Richard B. Baer, Richard B. Baer, P.C., Bismarck, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Cody Serr appealed from a divorce judgment awarding "joint custody" of the parties' minor child as "co-custodial parents" and calculating the parties' child support obligations. We conclude the district court did not err in its award of child custody, but because the divorce judgment on its face does not award the parties equal physical custody, we conclude the court erred by applying N.D. Admin. Code § 75–02–04.1–08.2 under the child support guidelines. We, therefore, affirm the district court's award of child custody, but reverse the district court's award of child support and remand for further proceedings.

I

[¶ 2] Cody Serr and Amanda Serr were married in May 2004, and have one child together, born in November 2002. In May 2006, Amanda Serr commenced this divorce action, and Cody Serr counterclaimed raising issues of child custody and child support. The district court scheduled the case for a February 2007 trial. At the February hearing, however, the parties reached a stipulated resolution of child custody, leaving details of the parties' child support calculations to be addressed by a later written document. The parties were unable to reach an agreement on the remaining issues, and no written stipulation was prepared.

[¶ 3] On May 16, 2007, the district court issued a notice of hearing scheduling a trial for May 30, 2007, on the remaining issues. On May 17, 2007, the district court issued its findings of fact, conclusions of law, and order for judgment, finding irreconcilable differences and granting the parties a divorce. The court also found the parties had "entered into a [s]tipulation," and without further detail made the stipulation "part of [the] document by reference, to be set out in full in the final [j]udgment." A judgment was also entered on May 17, 2007, which purported to address issues of custody and child support still apparently disputed by the parties.

[¶ 4] The hearing on May 30, 2007, was to decide issues of child support and child dependency for income tax purposes. But, in the absence of the written document the parties were to have prepared setting forth their agreement on custody, the court, over protest from Cody Serr's counsel, decided to "hear evidence on the entire custody issue." Only Amanda Serr testified, and she was cross-examined by Cody Serr's counsel. After the hearing, the court entered its order for amended findings of fact, conclusions of law, and order for judgment. In its amended findings of fact, the court found that the parties' intent was to have joint legal custody and joint physical custody of their minor child and that the parties had attempted to achieve an "equal division" of custody. The court concluded it was in the child's best interests to spend "equal time" with her parents "consistent with their agreement" and, applying N.D. Admin. Code § 75–02–04.1–08.2, ordered Cody Serr to

pay child support in the amount of $306 per month.

[¶ 5] Cody Serr moved the district court under N.D.R.Civ.P. 59 to alter or amend its order, asserting that the parties had not agreed to a "50/50 split of custody" and that the court erred in its calculation of child support. The court denied his motion. A final judgment was entered in August 2007.

## II

[¶ 6] Cody Serr argues that the district court did not "fairly set out" the parties' child custody agreement reached during the February 2007 hearing.

[¶ 7] This Court exercises a limited review of child custody awards. *Eifert v. Eifert*, 2006 ND 240, ¶ 5, 724 N.W.2d 109. Generally, "[a] district court's decisions on child custody, including an initial award of custody, are treated as findings of fact and will not be set aside on appeal unless clearly erroneous." *Jelsing v. Peterson*, 2007 ND 41, ¶ 11, 729 N.W.2d 157. However, this Court has also explained that where the parties stipulate to a custody arrangement, it must be given a great deal of deference, and to provide certainty in the future, the parties must be bound by the stipulated arrangement. *See Oppegard–Gessler v. Gessler*, 2004 ND 141, ¶ 12, 681 N.W.2d 762.

[¶ 8] When a stipulation is incorporated into a judgment, we are concerned only with interpretation and enforcement of the judgment, not with the underlying contract. *Botner v. Botner*, 545 N.W.2d 188, 190 (N.D.1996). The interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished. *Greenwood v. Greenwood*, 1999 ND 126, ¶ 8, 596 N.W.2d 317.

Whether a judgment is ambiguous is also a question of law. *Id.*

[¶ 9] During the February 2007 hearing, the parties' stipulation to child custody was recited to the court by Amanda Serr's counsel:

> THE COURT: The Court will come back to order. Let the record show that the parties are present, together with their respective counsel, that they've now had some hour or longer to consider a stipulated disposition of the pending issues of child custody, child visitation and child support. Mr. Thompson, have you achieved a disposition?
>
> MR. THOMPSON: That is correct, Your Honor.
>
> THE COURT: Would you recite the same.
>
> MR. THOMPSON: Yes, I will. We are going to follow what the Court had suggested with the custody. Cody will have the Sunday through Thursday and Amanda would have the Thursday through Sunday; also, that when the other parent is available for babysitting they will be utilized to the maximum, no matter who it is. With regard to child support, since we do have a co-joint custody, we would again use the guidelines. We'll redo the calculations to determine what the child support would be. Holidays, we've decided to leave that open. In other words, leave that up to the parties to decide rather than alternating. And that would include the typical holidays, Christmas, birthdays, things of that nature, and hopefully they can kind of work things out, even split days like on the child's birthday....
>
> ....
>
> THE COURT: I'm going to allow you to stipulate. I'm going to ask you to reduce this to a written document.
>
> MR. THOMPSON: Mr. Baer and myself will work together on that and

would submit it to the Court after both of us agree to the language and everything, Your Honor.

THE COURT: Amanda Serr, did you hear Mr. Thompson's recitation.

MS. SERR: Yes, I did.

THE COURT: Do you agree and understand the fundamental concept?

MS. SERR: Yes, I do.

THE COURT: And you can be supportive of the same?

MS. SERR: Yes.

. . . .

THE COURT: Cody Serr, do you understand and support the agreement?

MR. SERR: Yes, I do.

THE COURT: Any questions I can try to answer?

MR. SERR: No, sir.

[¶ 10] After the hearing on May 30, 2007, in which the parties appeared to address issues of child support and Amanda Serr testified regarding the parties' custodial arrangement, the court issued its amended findings of fact, conclusions of law and order for judgment. In its amended findings, the district court found that Cody Serr and Amanda Serr had "expressly stipulated on February 15, 2007, that it was their intent to enter into an agreement wherein each of Plaintiff and Defendant have joint legal custody and joint physical custody of the minor child of the parties. . . ." The court found "[t]hat the parties have attempted to achieve an equal division of the custody of the minor child, with the Plaintiff having custody of the minor child from Thursday afternoon until Sunday evening, and the Defendant having custody of the minor child the remaining period of time." The court further found that Amanda Serr had "reorganized her work schedule so as to establish a four-day work week and to be able to accommodate the minor child from Thurs-

day afternoon until Sunday evening" and that Cody Serr "is employed five days a week, Monday through Friday from 8:30 a.m. to 4:30 p.m." The district court then concluded that "[t]he stipulation of February 15, 2007, established the intent of the parties to share the custody, care and control of the minor child . . ., and that the same constitutes a binding contract upon Plaintiff and Defendant." The court concluded, "[i]t is in the best interests of the minor child . . . to spend equal time with Plaintiff and Defendant consistent with their agreement of the same."

[¶ 11] Although the district court's amended findings of fact, conclusions of law and order for judgment awards "joint legal custody and joint physical custody" and purports to achieve an "equal" division of custody, the actual judgment entered in August 2007, states the following regarding child custody:

2. The parties will be co-custodial parents and have the joint custody of the parties' minor child . . . .

. . . .

5. Plaintiff and Defendant have joint custody of the minor child.

. . . . The parties will share custody and visitation as follows:

a. Defendant will have the child from Sunday afternoon at 5:00 p.m. through Thursday afternoon at 5:00 p.m. of each week. Plaintiff will have the child from Thursday afternoon at 5:00 p.m. through Sunday afternoon at 5:00 p.m. of each week, except the parties will alternate the weekends depending upon the Plaintiff's work schedule.

b. The other parent will be given the first chance to take care of the child if the custodial parent needs either daycare and/or a babysitter.

c. The parties will split the major holidays, Christmas vacation, child's birthday, Mother's Day, Father's Day, etc., as agreed upon between the parties.

d. Each party will have access to the child by telephonic and electronic means.

[¶ 12] While the district court's underlying amended findings of fact, conclusions of law, and order for judgment suggest an "equal" division of custody, a plain reading of the August 2007 divorce judgment clearly sets out a joint custodial arrangement that is not exactly equal. Ordinarily, a district court's judgment must conform to its order for judgment. *See Village West Assocs. v. Boeder*, 488 N.W.2d 376, 379 (N.D.1992). "However, if there is a conflict between a judgment and an order for judgment, the judgment controls, subject to the right of the parties to have the judgment amended to conform to the order for judgment pursuant to Rule 60, N.D.R.Civ.P." *Id.* (internal citation omitted); *see also Hallock v. Mickels*, 507 N.W.2d 541, 546 (N.D.1993).

[¶ 13] On appeal, Cody Serr argues that the stipulated custody arrangement was never intended to be a "50/50" split of custody and, further, that his agreement to the custody arrangement was "premised upon the facts as they existed at that time; specifically [that Amanda Serr] worked every other weekend," so that he would have been allowed time with the child every other weekend, in addition to Sunday through Thursday afternoon. Cody Serr urges this court to remand the case to the district court to determine that he is the primary caretaker and custodial parent. His arguments, however, are unavailing.

[¶ 14] During the May 30, 2007 hearing, Amanda Serr's testimony did confirm that at the time of the February 2007 hearing, she was working every other weekend and that she had stopped working weekends by the time of the May hearing. Although Cody Serr now asserts his agreement was dependent upon Amanda Serr's continuing to work every other weekend, this stipulated condition is not reflected in the parties' February 2007 oral stipulation, nor is there any testimony from Cody Serr supporting this assertion. Additionally, even though Cody Serr argues on appeal that "equal" physical custody was not intended by the parties, the August 2007 divorce judgment, which controls here, does not actually award equal physical custody.

[¶ 15] From the record, it is clear that the parties agreed to joint physical custody of their child, in that Cody Serr would have custody Sunday through Thursday, and Amanda Serr would have custody Thursday through Sunday. They also agreed that when the other parent is available for babysitting, that parent "[would] be utilized to the maximum, no matter who it is." This Court has observed that North Dakota law recognizes and permits joint legal and physical custody, and such an arrangement does not require that the child reside equally with both parents. *See Maynard v. McNett*, 2006 ND 36, ¶ 10, 710 N.W.2d 369. Even though the divorce judgment adds specific time parameters for the exercise of their joint physical custody arrangement, we cannot say that the district court's divorce judgment does not "fairly" set out the parties' agreement.

[¶ 16] We conclude that the district court did not err in its award of joint physical custody in the divorce judgment based upon the parties' February 2007 stipulation. We, therefore, affirm the district court's award of custody. Nevertheless, there is some discrepancy between the court's amended findings of fact, conclusions of law and order for judgment and the court's August 2007 judgment. As

discussed, while the amended findings of fact, conclusions of law and order for judgment refer to the parties' attempt "to achieve an equal division" of custody and spending "equal time" with the child, the subsequent August 2007 judgment does not reference "equal" custody and provides specific times which are not "equal." While the judgment controls, we recognize that on remand the district court may need to address whether the August 2007 judgment accurately reflected the court's amended findings of fact, conclusions of law and order for judgment in reconciling its award of child custody with its child support calculations.

### III

■ [¶ 17]   Cody Serr argues that the district court erred in applying the child support guidelines.

■ [¶ 18]   This Court reviews the interpretation of a divorce judgment as a question of law, fully reviewable on appeal. *Hewson v. Hewson,* 2006 ND 16, ¶ 8, 708 N.W.2d 889; *Logan v. Bush,* 2000 ND 203, ¶ 30, 621 N.W.2d 314.   " 'Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review.' " *Hewson,* at ¶ 8, (quoting *Lauer v. Lauer,* 2000 ND 82, ¶ 3, 609 N.W.2d 450).   If the district court fails to comply with the child support guidelines in determining an obligor's child support obligation, the court errs as a matter of law. *Boumont v. Boumont,* 2005 ND 20, ¶ 6, 691 N.W.2d 278; *Knoll v. Kuleck,* 2004 ND 199, ¶ 5, 688 N.W.2d 370.

■ [¶ 19]   Here, the district court calculated the parties' child support obligations applying N.D. Admin. Code § 75–02–04.1–08.2, which provides for the determination of a child support obligation in situations where parents have been awarded "equal physical custody."   Whether the district court properly applied N.D. Admin. Code § 75–02–04.1–08.2 is a question of law.  *See Boumont,* 2005 ND 20, ¶ 6, 691 N.W.2d 278.

[¶ 20]   Section   75–02–04.1–08.2,   N.D. Admin.   Code (emphasis added), states:

> A child support obligation must be determined as described in this section in all cases in which a court orders each parent to have equal physical custody of their child or children.  *Equal physical custody means each parent has physical custody of the child,* or if there are multiple children, all of the children, *exactly fifty percent of the time.*  A child support obligation for each parent must be calculated under this chapter assuming the other parent is the custodial parent of the child or children subject to the equal physical custody order.  The lesser obligation is then subtracted from the greater.  The difference is the child support amount owed by the parent with the greater obligation.  Each parent is an obligee to the extent of the other parent's calculated obligation.  Each parent is an obligor to the extent of that parent's calculated obligation.

[¶ 21]   In *Boumont,* 2005 ND 20, 691 N.W.2d 278, the district court had amended the child support provisions in the parties' divorce judgment, finding for child support purposes that the mother was actually the custodial parent, in spite of a provision in the divorce judgment which provided for joint legal and physical custody of the parties' children, with each parent having physical custody one-half of the time.  *Id.* at ¶ 2. This Court reversed the district court's child support calculations, reasoning that N.D. Admin.  Code § 75–

02–04.1–08.2 properly applied where the judgment awarded "equal" physical custody regardless of the actual custodial arrangement, and the district court erred as a matter of law in refusing to apply this section. *Boumont*, at ¶¶ 15–18.

[¶ 22] In this case, unlike *Boumont*, the divorce judgment awards "joint custody" of the parties' minor child as "co-custodial parents," but the judgment does not specifically award "equal physical custody" as that term is defined by N.D. Admin. Code § 75–02–04.1–08.2. The divorce judgment on its face does not award each parent physical custody of the child "exactly fifty percent of the time," but instead awards more physical custody time to Cody Serr. Because the district court judgment does not award "equal physical custody," we conclude the district court erred in applying N.D. Admin. Code § 75–02–04.1–08.2 to determine the parties' child support obligations. We, therefore, reverse the district court's award of child support and remand for proper application of the child support guidelines.

[¶ 23] Cody Serr also asserts the district court erred in its child support calculation by failing to apply guidelines for "extended visitation" and for Amanda Serr's alleged underemployment. These issues may be addressed on remand.

### III

[¶ 24] The district court judgment is affirmed in part, reversed in part, and remanded for further proceedings.

[¶ 25] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, DALE V. SANDSTROM, JJ., concur.