Filed 8/31/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 170

Carl Kannianen, Plaintiff and Appellant

v.

June White, f/k/a 

June Kannianen, Defendant and Appellee

No. 20090368

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

William Eric Bergman, P.O. Box 1180, Minot, N.D. 58702-1180, for plaintiff and appellant.

John S. Steinberger, Jr., P.O. Box 566, Kenmare, N.D. 58746-0566, for defendant and appellee.

Kannianen v. White

No. 20090368

VandeWalle, Chief Justice.

[¶1] Carl Kannianen appealed from a district court order requiring him and June White to execute quit claim deeds conveying one-half of their interests in certain mineral rights to each other.  We affirm, concluding that the parties’ prior divorce judgment unambiguously required them to convey a one-half interest in all of their mineral rights, including individually held mineral rights, to each other.

I

[¶2] Kannianen and White married in 1979.  In 1981, Kannianen’s mother deeded to him certain mineral interests in his name only.  During the course of the marriage, Kannianen and White also acquired other mineral interests which they held jointly.

[¶3] The parties divorced in 2003. The divorce judgment incorporated the parties’ written settlement agreement, including a provision requiring the parties to transfer mineral rights:

That the Defendant [Kannianen] will provide to the Plaintiff [White] a quit claim deed conveying to her one-half interest in all mineral acres ow[n]ed by the parties and the Plaintiff will provide to the Defendant a quit claim deed conveying to him one-half interest in these mineral acres.  The parties will thereafter each hold an undivided one-half interest in the minerals as tenants in common and not as joint tenants.

Following the divorce, the parties executed quit claim deeds conveying to the other a one-half interest in the jointly owned mineral interests, but did not execute deeds conveying an interest in the minerals held in Kannianen’s name only.  

[¶4] In 2009, Kannianen filed a Petition for Declaratory Judgment seeking an order declaring that the divorce judgment required only a division of jointly held mineral interests, and not his separately held mineral interests.  White replied to the petition and sought a declaratory judgment requiring that either Kannianen be required to deed one-half of his mineral interests to her or that title to one-half of the mineral interests be quieted in her.  The district court determined that the language of the divorce judgment was unambiguous and required that the parties each convey to the other a one-half interest in all mineral rights owned by them, whether held jointly or individually.  The court therefore ordered that Kannianen and White each execute a quit claim deed to the other conveying a one-half interest in the disputed mineral rights. 

II

[¶5] Kannianen contends the district court erred in concluding that the divorce judgment unambiguously required him to convey to White one-half of the mineral rights received from his mother and held solely in his name.

[¶6] The divorce judgment incorporated the provisions of the parties’ settlement agreement.  When a settlement agreement is incorporated and merged into a judgment, we interpret and enforce only the final judgment, not the underlying contract between the parties.  
Serr v. Serr
, 2008 ND 56, ¶ 8, 746 N.W.2d 416; 
Silbernagel v. Silbernagel
, 2007 ND 124, ¶ 10, 736 N.W.2d 441.  Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished.  
Serr
, at ¶ 8; 
Simburger v. Simburger
, 2005 ND 139, ¶ 7, 701 N.W.2d 880.  Whether a judgment is ambiguous is also a question of law.  
Serr
, at ¶ 8; 
Simburger
, at ¶ 7.

[¶7] If the same trial judge clarifies an original judgment, the judge’s clarification is entitled to considerable deference.  
Simburger
, at ¶ 7; 
Dakutak v. Dakutak
, 1997 ND 76, ¶ 6, 562 N.W.2d 750.  When one trial judge interprets the decree of another, however, the interpreting court is in no better position than we are to discern the original judge’s intentions, and this Court reviews such interpretations de novo.  
Simburger
, at ¶ 7; 
Dakutak
, at ¶ 6.  The district judge who presided in this case was not the judge in the original divorce action.  We therefore review the original judgment de novo.

[¶8] When interpreting the language of a prior judgment, we presume that the original trial judge considered existing statutes and relevant caselaw, and intended the judgment to conform to the applicable legal standards.  
Cf.
 
Egeland v. Continental Res., Inc.
, 2000 ND 169, ¶ 10, 616 N.W.2d 861 (we construe contracts in light of existing statutes, which are read into the terms of the contract); 
see
 
generally
 
Silbernagel
, 2007 ND 124, ¶ 10, 736 N.W.2d 441 (the rules for interpreting judgments mirror the rules for interpreting contracts).  Under N.D.C.C. § 14-05-

24(1), the district court must make an equitable distribution of all of the property and debts of divorcing parties.  
Krueger v. Krueger
, 2008 ND 90, ¶ 14, 748 N.W.2d 671; 
Holden v. Holden
, 2007 ND 29, ¶ 10, 728 N.W.2d 312.  The marital estate subject to equitable distribution includes all property of the parties, regardless of source or title: “The trial court must consider all property accumulated by the parties, whether jointly or individually owned, and property brought into the marriage by one party, and separate property acquired by gift, inheritance, or otherwise, must be included in the marital estate and is subject to distribution.”  
Walker v. Walker
, 2002 ND 187, ¶ 7, 653 N.W.2d 722; 
accord
 
Dufner v. Dufner
, 2002 ND 47, ¶ 9, 640 N.W.2d 694.

[¶9] We conclude the prior divorce judgment is not ambiguous.  Reading the plain language of the judgment in light of existing statutes and caselaw, we conclude the original trial judge intended to include 
all
 mineral rights owned by either or both of the parties, however acquired or held, when it ordered conveyance by each party of a one-half interest “in all mineral acres ow[n]ed by the parties.”  The district court clearly intended its judgment to distribute all property in the marital estate, and there are no other provisions in the judgment which distributed or applied to the mineral rights held in Kannianen’s name alone.  Furthermore, Kannianen sought only an interpretation of the existing judgment through a declaratory judgment action; he did not move to reopen the divorce judgment for distribution of the disputed mineral rights as omitted or undisclosed property.  
See
 N.D.C.C. § 14-05-24(2); 
Murphy v. Rossow
, 2010 ND 162.

[¶10] Under the circumstances presented in this case, we conclude the divorce judgment unambiguously required the parties to convey a one-half interest in all of their mineral rights, including individually held mineral rights, to each other.

III

[¶11] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The district court’s order is affirmed.

[¶12] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Kapsner, Justice, concurring.

[¶13] I concur.

[¶14] I wonder if our jurisprudence fully recognizes the reality of divorce judgments entered upon stipulation of the parties.  As cited by the majority, we have said that where a settlement agreement is incorporated and merged into a judgment, we interpret and enforce only the judgment.  However, that judgment is only an interpretation of the underlying contract between the parties; it is not a judgment independently formed by the judge.  Consequently, the trial judge, to the extent the judge had any input into the language of the original judgment at all, is merely interpreting a contract as is an appellate court.

[¶15] The point of my concern is that where a judgment is based upon a contract, the contract which is before the court should be available to assist in the interpretation of the judgment.

[¶16] The parties’ settlement agreement and the judgment unambiguously required this result and I concur.

[¶17] Carol Ronning Kapsner