# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 27

Janet L. Helbling,                                                    Plaintiff and Appellee

v.

Wayne T. Helbling,                                              Defendant and Appellant

No. 20180095

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Charles L. Chapman, Bismarck, ND, for plaintiff and appellee.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]    Wayne Helbling appeals from an amended judgment providing payment terms and security for his remaining obligations to Janet Helbling under their original divorce judgment.  We conclude the district court did not err in concluding the parties had not modified the divorce settlement agreement and had not entered into an oral agreement to amend the judgment.  We further conclude the court did not err by failing to find Janet Helbling was estopped from demanding payment of the remaining balance and did not err in entering the amended judgment containing an amortization schedule to pay his remaining obligations over a ten-year period with interest.  We affirm.

I

[¶2]    In 2000, Janet Helbling and Wayne Helbling were married.  In 2013, Janet Helbling sued for divorce asserting grounds of irreconcilable differences.  Before trial, the parties executed a divorce settlement agreement that distributed the parties' marital property and debts.  In September 2014, a divorce judgment was entered on the basis of the parties' agreement.  Relevant to this appeal are paragraphs 15, 21, and 33 of the judgment, which state:

> [¶15]   *REAL PROPERTY.*  The parties own two residences together; to wit: one located at . . . Morton County, North Dakota known as "the farmstead;" and the other located at . . . Mandan, ND.  Subject to payment as set forth in Paragraph 21 below, the parties agree that Wayne shall have full ownership of and responsibility for the farmstead.  As such, subject to payment as set forth in Paragraph 21 below Wayne shall have all right, title, interest, and equity, free and clear of any claim of the farmstead on the part of Janet.  Upon payment to her of the sums of money out lined [sic] in paragraph 21, Janet will issue a Quit Claim Deed, passing ownership of the above property to Wayne.  The parties agree that Janet shall have full ownership of and responsibility for [street address of Mandan residence].  As such, Janet

1

shall have all right, title, interest, and equity, free and clear of any claim on the part of Wayne. Wayne agrees to issue a Quit Claim Deed, passing ownership of the above property to Janet, within thirty (30) days of the date a Judgment is issued in this matter.

. . . .

[¶21] *PARTNERSHIP*. Wayne shall be awarded all interest in Helbling Bros Ranch as partner and Janet hereby waives any claims she has to the Helbling Bros Ranch. Janet shall receive $1,000,000.00 of and for payment of all interest in the Helbling Bros Ranch and any and all other property both real and personal granted to Wayne. The parties agree that payment shall be made by Wayne to Janet as follows:

    a.    $750,000 within 60 days of entry of judgment. She will then pay off the mortgage on [the Mandan residence].

    b.    $250,000 when Wayne turns age 65. Wayne may pay this early if he prefers. Janet will have a mortgage on [the Morton County property] which shall be subordinated to the loan Wayne will take out to pay her the initial payment. Additionally, each year until she is paid in full, she shall receive the rents from this parcel of land in an amount equal to the average rent for Morton County land as set out by the FSA North Dakota Land, Rent and Values publication.

    c.    If Wayne does not get financing for the initial payment, the parties will either reach an agreement on how the $1,000,000 is to be paid and if they cannot do so the parties will ask the court to determine the terms of payment. Each would then be able to present evidence to the court on the issue of how it is to be paid.

. . . .

[¶33] *MODIFICATION OR WAIVER*. No modification or waiver by the parties of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default.

[¶3] To obtain part of his financing, Wayne Helbling took a mortgage on the farmstead, which had been jointly owned by the parties at the time of the entry of the judgment. Although paragraph 15 of the judgment gave Janet Helbling the right to retain her interest in the farmstead until she was paid in full, Janet Helbling testified that the lender had required her to transfer her interest in the farmstead to Wayne Helbling, so he could sign the mortgage individually. Despite the terms of the divorce

judgment, Wayne Helbling paid nothing within 60 days following the entry of the judgment and had only paid Janet Helbling a total of $430,000 by the time of the December 2017 hearing in this case.

[¶4] In April 2017, Janet Helbling moved the district court to enforce the judgment, requesting the court to establish payment terms for Wayne Helbling's remaining obligations under the judgment. After a December 2017 hearing, the district court, among other things, ordered a ten-year amortization schedule for him to pay the remaining amounts due under the judgment and ordered him to pay interest. An amended judgment was entered in February 2018. Wayne Helbling filed an objection to the amended judgment, which the court denied.

II

[¶5] When a stipulation is incorporated into a judgment, this Court is generally concerned only with its interpretation and enforcement. *Kukla v. Kukla*, 2013 ND 192, ¶ 9, 838 N.W.2d 434. In *Schulte v. Kramer*, 2012 ND 163, ¶ 30, 820 N.W.2d 318 (quoting *Leverson v. Leverson*, 2011 ND 158, ¶ 11, 801 N.W.2d 740), we explained:

> When a settlement agreement is incorporated and merged into a judgment, we interpret and enforce only the final judgment, not the underlying contract between the parties. *Serr v. Serr*, 2008 ND 56, ¶ 8, 746 N.W.2d 416; *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441. Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished. *Serr*, at ¶ 8; *Simburger v. Simburger*, 2005 ND 139, ¶ 7, 701 N.W.2d 880. Whether a judgment is ambiguous is also a question of law. *Serr*, at ¶ 8; *Simburger*, at ¶ 7.

*See also Kannianen v. White*, 2010 ND 170, ¶ 6, 788 N.W.2d 340.

[¶6] "When incorporated into a judgment, 'the stipulation and judgment are merged, and courts look to the incorporating judge's intent, not the intent of the parties to the stipulation.'" *Kukla*, 2013 ND 192, ¶ 9, 838 N.W.2d 434 (quoting *Webster v. Regan*, 2000 ND 18, ¶ 7, 605 N.W.2d 808). "Extrinsic evidence of the parties' intent is considered only if, after an examination of the judgment, the

3

stipulated language is ambiguous and the incorporating court's intent cannot be determined." *Kukla*, at ¶ 9.

[¶7] "If the same trial judge clarifies an original judgment, the judge's clarification is entitled to considerable deference." *Kannianen*, 2010 ND 170, ¶ 7, 788 N.W.2d 340. "When interpreting the language of a prior judgment, [this Court] presume that the original trial judge considered existing statutes and relevant caselaw, and intended the judgment to conform to the applicable legal standards." *Id.* at ¶ 8. "The interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished." *Kukla*, 2013 ND 192, ¶ 9, 838 N.W.2d 434 (quoting *Serr*, 2008 ND 56, ¶ 8, 746 N.W.2d 416, and noting N.D.R.Civ.P. 60 provides for relief from a judgment under certain circumstances).

III

[¶8] Wayne Helbling argues the district court erred in deciding the parties had not modified the divorce settlement agreement and erred in its ruling that the oral agreement was not enforceable in requiring any modification of the divorce settlement agreement be in writing and executed with the same formality as their divorce settlement agreement. Janet Helbling claims, however, the court's findings that the parties had not reached any binding agreement to modify the judgment was not clearly erroneous and that the court properly refused his claim for equitable estoppel.

[¶9] After the December 2017 evidentiary hearing, the district court, the same judge who entered the original judgment, found the parties had reached no enforceable agreement to modify their divorce judgment. The district court found the parties had not agreed that Janet Helbling waived her right to claim payments on either principal or rentals until Wayne Helbling retired. The court found Wayne Helbling's claimed oral agreement was devoid of certainty, conferred benefits solely upon him, and violated the intent of the parties because there was no modification in writing and executed with the same formality as the parties' original settlement agreement.

4

[¶10] The judgment on its face is unambiguous and paragraph 33 requires any modification to be done in writing. Despite Wayne Helbling's contention the parties orally agreed to modify the payment terms of the settlement agreement, the operative document binding the parties is the divorce judgment. "When a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." *Silbernagel v. Silbernagel*, 2011 ND 140, ¶ 11, 800 N.W.2d 320.

[¶11] In resisting Janet Helbling's enforcement motion, Wayne Helbling claimed difficulty or an inability in complying with the original judgment's payment terms. Wayne Helbling contended that he could not get a loan to pay off Janet Helbling and that after the divorce she orally agreed to modify the payment agreement by deferring payments until he retires. The court found, however, that the Helbling Bros Ranch is a partnership consisting of Wayne Helbling and his two brothers, in which Wayne owns a one-third interest. The court found that although he presented evidence from loan officers who testified he did not have enough collateral to borrow additional money, the loan officers had considered only his personal assets and income and did not take into account Wayne's one-third partnership interest, which the court found Wayne had valued at $2,403,758 at the time of the divorce and at approximately the same amount in a financial statement Wayne signed on behalf of the partnership in 2016.

[¶12] We conclude the terms of the judgment incorporating the parties' settlement agreement is unambiguous. We further conclude the district court's findings that the divorce judgment was not modified and no oral agreement had been reached modifying particular payment terms, are supported by the record and are not clearly erroneous under N.D.R.Civ.P. 52(a). *See Silbernagel*, 2011 ND 140, ¶ 11, 800 N.W.2d 320.

IV

[¶13] Wayne Helbling contends Janet Helbling should be barred by estoppel under N.D.C.C. § 31-11-06 from making her demand for enforcement after he took out the loans and paid her. This section provides:

> When a party, by that party's own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, that party shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission.

This Court has further described the elements necessary to support an estoppel claim:

> As to the person being estopped the elements are: 1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than those which the party subsequently attempts to assert; 2) the intention, or at least the expectation, that such conduct will be acted upon by, or will influence the other party or persons; and 3) knowledge, actual or constructive, of the real facts. As to the person claiming estoppel the elements are: 1) lack of knowledge and the means of knowledge of the truth as to the facts in question; 2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and 3) action or inaction based thereon, of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Royal Jewelers, Inc. v. Light*, 2015 ND 44, ¶ 14, 859 N.W.2d 921 (quoting *Blocker Drilling Canada, Ltd. v. Conrad*, 354 N.W.2d 912, 920 (N.D. 1984)). We have repeatedly held that estoppel generally presents a question of fact. *Royal Jewelers*, at ¶ 15 (citing *Erickson v. Brown*, 2012 ND 43, ¶ 15, 813 N.W.2d 531; *Nelson v. Johnson*, 2010 ND 23, ¶ 30, 778 N.W.2d 773; *Conrad*, at 920; *Peterson Mech., Inc. v. Nereson*, 466 N.W.2d 568, 571 (N.D. 1991)).

[¶14] We conclude the following district court finding of fact in its order for amended judgment is dispositive of Wayne Helbling's estoppel claim:

> 7. Wayne claimed that Janet orally agreed to modify the payment agreement by deferring all payments, until he retired. However, Wayne also testified that he had no plan to retire at age 65 or any other specific age. Janet agreed that the parties did talk about deferring further payments on principal, but she also testified that her willingness to hold off on enforcement of further payments conditioned upon Wayne's willingness to continue to work toward reconciliation.

6

> However, Janet testified that no actual agreement on deferment was ever made, and that there was no discussion of deferring rental payments. Janet testified that she believed that reconciliation was possible, in part because Wayne periodically came to her house for "supper and sex;" although Wayne denied that he was seeking reconciliation, he did admit to one sexual encounter with Janet after the divorce. Janet testified that, once Wayne's actions revealed that the possibility of reconciliation ended, Janet decided to enforce the payments.

This finding, coupled with the district court's other findings that any purported oral agreement was devoid of certainty, conferred benefits solely upon him, and violated the parties' intent, is sufficient to defeat Wayne Helbling's estoppel claim.

[¶15] On the basis of our review of the record, we conclude that the district court's findings sufficiently address Wayne Helbling's claim of estoppel and are not clearly erroneous and that the parties' conduct subsequent to the entry of the divorce judgment did not bar Janet Helbling from moving to enforce the original judgment's terms.

V

[¶16] Wayne Helbling argues that the district court erred in ordering an amortization schedule be created by which the balance be paid by him over a ten-year period at the legal rate of interest; and erred in modifying the divorce settlement agreement in adding interest on the unpaid balance. He argues there was no motion to modify the judgment and the only motion brought was to enforce the judgment. Janet Helbling claims, however, that the district court had discretion under the terms of the original judgment.

[¶17] In *Rath v. Rath*, 2014 ND 171, ¶ 16, 852 N.W.2d 377, this Court held the district court had gone beyond the scope of the motions and amended, rather than merely clarified, the divorce judgment because neither party had actually moved to amend the divorce judgment. We explained:

> "[D]ue process requires a party receive adequate notice and a fair opportunity to be heard." *Schmalle v. Schmalle*, 1998 ND 201, ¶ 9, 586 N.W.2d 677; *see also Snyder v. Snyder*, 2010 ND 161, ¶ 17, 787

7

N.W.2d 727. "'[T]o comport with due process, a fair hearing requires reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims.'" *Harris v. Harris*, 2010 ND 45, ¶ 10, 779 N.W.2d 642 (quoting *Meier v. Said*, 2007 ND 18, ¶ 15, 726 N.W.2d 852). Although due process requirements are "flexible and vary depending" on each case's circumstances, the district court's modification of the divorce judgment as a part of its contempt order failed to comport with the well-established [tenets] of due process. *See Snyder*, at ¶ 17.

We have said a district court may clarify a divorce judgment when the judgment is "vague, uncertain, or ambiguous" and clarification is often appropriate when the judgment "fails to specify some particulars[,] and uncertainties in the decree arise from subsequent events." *Orvedal v. Orvedal*, 2003 ND 145, ¶ 4, 669 N.W.2d 89; *see also Greenwood v. Greenwood*, 1999 ND 126, ¶ 8, 596 N.W.2d 317 ("'If the same trial judge clarifies an original judgment, we afford the judge's clarification considerable deference.'" (quoting *Dakutak v. Dakutak*, 1997 ND 76, ¶ 6, 562 N.W.2d 750)).

*Rath*, at ¶¶ 14-15.

[¶18] Unlike *Rath*, however, the district court here did not go beyond Janet Helbling's motion to enforce the judgment. Rather, the court provided specific payment terms and security for Wayne Helbling's remaining obligations in enforcing the original judgment. The court amended the divorce judgment to require Wayne Helbling to pay Janet Helbling $595,001.15 under a ten-year amortization of annual payments. The court's amended judgment also requires him to pay her the rental value of the specified land, to execute a quitclaim deed transferring a one-half undivided interest in the farmstead back to her, to maintain a life insurance policy until his financial obligations to her are paid in full, and specifically grants Janet Helbling a lien on all of his assets until his financial obligations are paid in full.

[¶19] We conclude Janet Helbling's motion to enforce the judgment was sufficient for the district court to provide the additional payment terms for Wayne Helbling's remaining obligations. The parties' settlement agreement, as incorporated into the original divorce judgment at subsection c of paragraph 21, specifically granted the district court discretion to provide payment terms. Consistent with paragraph 21(c),

8

the court's additional provisions in the amended judgment addressed terms for Wayne Helbling's remaining payments and also provided security for those payments as contemplated by the parties' agreement. We conclude that in enforcing the judgment, the district court did not exceed the authority granted to it under the judgment to provide the payment terms and security in the amended judgment.

## VI

[¶20] We have considered Wayne Helbling's remaining arguments and conclude they are either without merit or unnecessary to our decision. The amended judgment is affirmed.

[¶21] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.